**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVE JOEL MOFFETT, SR., <br><br> Petitioner <br><br> v. <br><br> DR. ORNOPIA, M.D., et al., <br><br> Respondents | Case No. 2:20-cv-00915-JAD-NJK <br><br> **Order Denying IFP Application Without Prejudice and Directing Petitioner to File Amended Petition and Resolve Filing Fee** <br><br> [ECF No. 1] |

*Pro se* Petitioner Steve Joel Moffett, Sr. has filed a hand-written application for leave to proceed *in forma pauperis* ("IFP") and petition for writ of habeas corpus.[1] He did not properly commence this action by either paying the $5.00 filing fee or submitting a complete IFP application.[2]

A $5.00 filing fee is required to initiate a habeas action in a federal district court.[3] The court may authorize a person to begin an action without prepaying fees and costs if the person demonstrates indigency.[4] The IFP application must be submitted on the form provided by the court and include specific financial information and a declaration confirming under the penalty of perjury that the financial information is true.[5]

Here, Moffett has requested IFP status to waive his filing fee. However, his hand-written IFP application does not contain the appropriate financial information or declaration required by federal law and the Local Rules of Practice. Although Moffett may qualify for IFP status, I cannot make that determination because he has not submitted the correct IFP application, financial information, and declaration. I therefore deny Moffett's IFP application without prejudice and give him until June 29, 2020, to submit a new IFP application or pay the $5 filing

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees.

[4] 28 U.S.C. § 1915; LSR 1-1 & 1-2.

[5] *Id.*

1

fee.

In addition, Moffett's hand-written habeas petition was not submitted on the appropriate form or in substantial compliance with the form.[6] The form is important as it provides the court with necessary information to conduct preliminary review of the petition. Accordingly, Moffett must file an amended petition on the court's form by June 29, 2020.[7]

IT IS THEREFORE ORDERED that:

1. Petitioner Steve Joel Moffett, Sr.'s Application to Proceed *In Forma Pauperis* **[ECF No. 1] is DENIED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to MAIL Moffett two blank copies of (i) the form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (AO 242) with instructions, and (ii) the IFP application (AO 240) for non-incarcerated litigants.

3. Moffett must file an amended petition on the court's form by **June 29, 2020**.

4. Moffett must clearly title the amended petition as such by writing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" on the first page, and including 2:20-cv-0915-JAD-NJK in the space for the case number ("Case No.").

5. Moffett must (i) file a complete IFP application, or (ii) pay the $5.00 filing fee by **June 29, 2020**.

6. Moffett's failure to comply with this order by (i) filing an amended petition and (ii) resolving the filing fee before the June 29, 2020 deadline will result in the dismissal of this action without prejudice and without further advance notice.

Dated: May 29, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[6] *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; LSR 3-1.

[7] Moffett at all times remains responsible for calculating the applicable statute of limitations. By ordering Moffett to amend his petition, I make no finding or representation that either the original or amended petition will be considered timely.